Clinton S. TRUMAN, Libelant,

v.

CHAS. KURZ & CO., Inc., a corporation, Respondent.

Civ. No. 64–320.

United States District Court
D. Oregon.

April 2, 1965.

---

Richard F. Deich, Deich, Deich & Hinton, Portland, Or., for libelant.

Erskine Wood, Wood, Wood, Tatum, Mosser & Brooke, Portland, Or., for respondent.

EAST, District Judge.

Following the trial of the above cause upon its merits, I entered an oral opinion adverse to the libelant's contention under his second stated cause of action that the master of respondent's vessel failed and neglected to provide libelant with medical care or attention upon the last leg of the vessel's voyage from the Hawaiian Islands to the Port of Portland, Oregon, resulting in an aggravation of libelant's injuries received on shore (taxi cab accident) but in connection with ship's service. However, I did reserve decision on libelant's contention for recovery of cure, medical expenses and maintenance in this language:

"So I am going to take under advisement the single question of whether or not libelant is entitled to be repaid these medical expenses [fees of physicians and expenses of hospital personally selected by the libelant] which he incurred at his own wish and choice rather than going to the Public Health Service."

It is manifest from the evidence and the law that the libelant is a ship's officer of many years experience and well-acquainted with the United States Public Health Service in that he had on previous occasions availed himself of that Service with successful and satisfactory results; that while the libelant was, upon his arrival in the Port of Portland, suffering considerable physical distress from his injuries, he was mentally competent and well-oriented; that he signed an illness and accident report requested by the master over an oral protest, but did receive due and regular discharge from the vessel; that he made no request for shore transportation, but did voluntarily arrange for his own, and in the company of his wife went directly to his home; that on arriving at his home endeavored to contact his own personal family physician; the day being a Saturday, he was advised that the doctor would not be available until the following Monday, and the libelant awaited the call from his physician and the physician's admission of the libelant to the hospital on the following Monday; that the United States Public Health Service maintains in Portland, Oregon, a reasonably adequate medical clinic for outpatient treatment and that if hospitalization is required, transfers a seaman at government expense to the more-than-reasonably adequate Marine Hospital in Seattle, Washington; that the libelant's certificate of discharge entitled him to treatment by the United States Public Health Service as long as the physicians in such Service prescribed; that at no time since the libelant's discharge from the vessel at the end of its voyage did libelant ever seek medical treatment or help from any facility of the United States Public Health Service; and that at no time did the libelant request any agent of the respondent for aid and assistance in securing United States Public Health Service medical attention and that the only approach libelant ever made to any agent of the re-

spondent was to collect maintenance at the rate of $8.00 per day, which maintenance was paid by the respondent from the date of libelant's discharge from the ship until December 10, 1964, a period of approximately one and one-half years.

I am satisfied from the showing made that the libelant at no time had any intention of availing himself of medical help or service from the United States Public Health Service and that upon consultation with his wife had, of his own volition, voluntarily chosen to seek medical aid and service from his own private physician and that his choice of receiving private medical aid and service was not induced by any act of any agent of the respondent under any pressure of circumstances adverse to the libelant.

I have a strong conviction that the selection of medical aid and service ought to be a safeguarded personal privilege to an individual and that any individual ought not to be required to be treated by a physician who is personally in anywise not to the individual's preference or in whom the individual lacks confidence, based upon good reason but not whim.

A vessel and her owners owe a seaman in the vessel's service the duty of cure and maintenance, and in turn the seaman owes his vessel the duty to accept reasonable cure and medical expense available to him. This is nothing short of the duty of all injured individuals to use due care and reasonable prudence in mitigating his injury or damage. It is the very theory and intent of Congress, who feels that the government role in the protection of the interests of seamen is almost akin to guardianship, that reasonably good and adequate medical service shall at all times be available to injured seamen at minimal expense to the shipping industry.

The federal authorities dealing with this question seem (particularly the Ninth Circuit) to be in accord with this statement taken from O'Neill v. United States, reported in 1959 A.M.C. 1230 at p. 1246:

"The cases have consistently held that a seaman's right to maintenance and cure is forfeited by voluntary rejection of hospital care on his part (see Luth vs. Palmer Shipping Corp., 1954 A.M.C. 502, 210 F.(2d) 224, 228 (3 Cir., 1954), and cases there cited.) It seems to have been consistently recognized that a seaman is not entitled to reject free services available from Government maintained hospitals (such as those maintained by the Public Health Service or the Philadelphia General Hospital, supported by the City of Philadelphia) without showing that the treatment available there is inadequate, and there is no such showing in this record."

I would go further, and add—without showing some reasonable grounds based upon prior experience of the individual of lack of confidence, mistreatment, or other good personal reason for refusing the services of the United States Public Health Service.

The record in this case is wholly and utterly absent of any reasonable grounds or excuse for libelant's voluntary rejection of the services medically available to him through the United States Public Health Service at the Port of Portland. I conclude that the respondent should not be held liable for the payment of the private medical and hospital fees and expenses voluntarily incurred by the libelant upon libelant's rejection without good cause of the medical services available to him through the United States Public Health Service at minimal expense, nor is the libelant entitled to recover additional maintenance.

Counsel for the respondent may submit appropriate findings, conclusions and decree.